# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 15-391V
### (Not to be Published)

| | | |
|---|---|---|
| \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* | \* | |
| GARTH R. JACKSON, | \* | Special Master Corcoran |
| | \* | |
| Petitioner, | \* | Filed: December 5, 2016 |
| | \* | |
| v. | \* | Decision; Attorney's Fees and Costs. |
| | \* | |
| SECRETARY OF HEALTH AND | \* | |
| HUMAN SERVICES, | \* | |
| | \* | |
| Respondent. | \* | |
| \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* | | |

*Kelly D. Burdette*, Burkett & Burdette, Seattle, WA, for Petitioner.

*Lara Ann Englund*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### ATTORNEY'S FEES AND COSTS DECISION[1]

On April 20, 2015, Garth R. Jackson filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] Petitioner alleged that the influenza ("flu") vaccine he received on September 22, 2014, caused him to suffer from Guillain-Barré Syndrome ("GBS"). *See* Petition at 1 (ECF No. 1). The parties were able to reach an informal settlement agreement and requested issuance of a "15-Week" Order, which I issued. ECF No. 22. The parties then filed their stipulation for an award of damages on December 1, 2016 (ECF No.

---

[1] Because this decision contains a reasoned explanation for my actions in this case, I will post it on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the published decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

25), and I adopted the stipulation as my decision granting damages on December 2, 2016. ECF No. 27.

Petitioner previously filed a motion for final attorney's fees and costs, dated November 3, 2016. *See* ECF No. 23 ("Fees App."). Petitioner requests reimbursement of attorney's fees and costs in the combined amount of $19,214.10, representing $13,596.50[3] in attorney's fees, and $5,617.60 in costs. *Id*. at 2. In addition, and in compliance with General Order No. 9, Petitioner states that he incurred no litigation-related expenses in conjunction with this proceeding. ECF No. 23-3 at 1. Respondent has represented via informal communication to my chambers that she does not object to the sum requested.

Two attorneys primarily worked on this matter – Ms. Kelly Burdette and Mr. Douglas Lee Burdette. Petitioner requests $275 per hour for Ms. Burdette and $400 per hour for Mr. Burdette, for work performed in 2014 through 2016. Fees App. at 2. Petitioner notes that this is the first fees application in which these attorneys have requested these hourly rates. *Id.* In the past, Ms. Burdette has received $250 per hour, and Mr. Burdette has most recently received $350 per hour. *See id.*; *Klopfenstein v. Sec'y of Health & Human Servs.*, No. 16-42V, 2016 WL 5799765, at *1 (Fed. Cl. Spec. Mstr. Sept. 7, 2016) (stating that Ms. Burdette has previously received $250 per hour and Mr. Burdette has previously received $350 per hour, and awarding fees in accordance with those hourly rates); *Craft v. Sec'y of Health & Human Servs.*, No. 15-892V, 2016 WL 4150328 (Fed. Cl. Spec. Mstr. June 14, 2016).

Petitioner's fees application has not established a basis for awarding the higher hourly rates requested herein, and therefore the previously-awarded hourly rates are appropriate.[4] Thus, I will award fees at the hourly rate of $250 per hour for Ms. Burdette and $350 per hour for Mr. Burdette. I otherwise approve the requested amount for attorney's fees and costs as reasonable.

Accordingly, an award of $17,641.10 should be made in the form of a check payable jointly to Petitioner and Petitioner's counsel, Kelly D. Burdette, Esq. Payment of this amount represents all attorney's fees and costs available under 42 U.S.C. § 300aa-15(e). In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of Petitioner's motion.[5]

---

[3] The fees application itself specifically requests $13,595.50, but based on the submissions, the correct calculation is $13,596.50. Petitioner has communicated to Chambers that this is the correct amount.

[4] In the future, if counsel provides additional legal support for the requested rates in a fee request, I will reevaluate whether awarding these higher hourly rates is appropriate.

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.

**IT IS SO ORDERED.**

<u>/s/ Brian H. Corcoran</u>  
Brian H. Corcoran  
Special Master